

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT THOMAS,

        Petitioner,

    v.

JULIE WOLCOTT, Orleans
Superintendent,

        Respondent.

**DECISION AND ORDER**

6:20-CV-06369 EAW

## **INTRODUCTION**

*Pro se* petitioner Robert Thomas ("Petitioner"), a prisoner confined at the Orleans Correctional Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner seeks immediate release, alleging that (1) he is being held past the maximum expiration of his prison sentence and (2) his potential exposure to COVID-19 while in custody violates his constitutional rights. (*Id.*). Petitioner has paid the $5.00 filing fee.

Although Plaintiff has characterized his Petition as being brought pursuant to § 2241, the Court finds it must be converted to a petition brought pursuant to 28 U.S.C. § 2254 for the reasons discussed below. However, the Court will afford Petitioner an opportunity to withdraw the Petition before effectuating the conversion.

- 1 -

## DISCUSSION

The Court begins by considering the differences between petitions brought pursuant to § 2241 and petitions brought pursuant to § 2254.  Under § 2254, "a person in custody pursuant to the judgment of a State court" may seek a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2254(a).  The language of § 2241 is more expansive, but also extends to a "prisoner" who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

In *Cook v. New York State Division of Parole*, 321 F.3d 274 (2d Cir. 2003), the Second Circuit explained that while a person in federal custody may challenge the execution of his sentence pursuant to § 2241, the same is not true of a person in state custody:

> [28 U.S.C.] section 2255, which is the vehicle by which persons in federal custody may assert that their sentence violates the federal Constitution or federal law, is critically narrower than section 2254, by which persons in state custody may challenge that custody. . . .  The plain language of the pertinent statutes indicates . . . that a federal prisoner may challenge the imposition, but not the execution, of a sentence under Section 2255, while a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254.  Because a *federal* prisoner cannot challenge the execution of his or her sentence by a motion under section 2255, he or she must resort to a section 2241 petition to do so.  A state prisoner . . . by contrast, not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254.  A petition under section 2241 is therefore unavailable to him.

*Id.* at 278 (quotation and citation omitted).  "Stated otherwise, '[§] 2241 is not an independent and separate avenue of relief but is to be read in conjunction with the requirements of [§] 2254, which are a limitation on the general grant of jurisdiction

conferred in [§] 2241 that applies to cases involving prisoners subject to state court judgments.'" *Brooks v. Wolcott*, No. 20-CV-516 (JLS), 2020 WL 2553030, at *3 (W.D.N.Y. May 20, 2020) (quoting *Torres v. Cronin*, No. 19-cv-06462, 2019 WL 6001000, at *1 (W.D.N.Y. Nov. 14, 2019)).

Here, Plaintiff seeks immediate release based two distinct arguments. First, he challenges the conditions of his confinement based upon his potential exposure to COVID-19, which the Court finds is a challenge to the execution of his sentence. "The Second Circuit has interpreted prison condition claims as comprising challenges to execution of a sentence in the context of federal prisoners. . . . There is no reason to conclude differently in the context of a state prisoner's prison conditions-based claim under Section 2254." *Llewellyn v. Wolcott*, No. 20-CV-498 (JLS), 2020 WL 2525770, at *3 n.6 (W.D.N.Y. May 18, 2020) (citing *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("This court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and <u>prison conditions</u>." (quotation omitted and emphasis added))).

Petitioner also challenges his continued imprisonment on the basis that he is allegedly being held past the maximum expiration of his prison sentence, which he claims ended on September 11, 2019. (Dkt. 1 at 1-2). A review of the New York State Department of Corrections and Community Supervision's inmate lookup database, http://nysdoccslookup.doccs.ny.gov, shows that Petitioner is being held due to a violation of post-release supervision, and that his earliest release date is now September 11, 2024.

The Court finds that the claim that Petitioner is illegally imprisoned past the expiration of his sentence also represents a challenge to the execution of that sentence. *See, e.g., Hill v. Mance*, 598 F. Supp. 2d 371, 375 (W.D.N.Y. 2009) (addressing a claim that Petitioner was imprisoned as a result of "five years of post-release supervision that was illegally imposed by NYSDOCS").

For these reasons, the Court concludes that § 2254 is the proper vehicle for Petitioner's claims. "[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." *Cook*, 321 F.3d at 277. "However, because of the limitations on 'second and successive' petitions imposed by 28 U.S.C. § 2244, petitioners must be provided notice and an opportunity to withdraw a petition improperly filed under § 2241 before the district court converts it to a § 2254 petition." *Torres*, 2019 WL 6001000, at *2.

Accordingly, the Court hereby advises Petitioner that it intends to convert his Petition to one brought under § 2254. As a result of such conversion, "any subsequent § 2254 petition that [Petitioner] brings will be subject to the restrictions on 'second' or 'successive' motions set forth in 28 U.S.C. § 2254(b)." *Id.* The Court further advises Petitioner that he may withdraw the Petition without prejudice if he does not wish to have it converted to a § 2254 petition.

## CONCLUSION

For the reasons set forth above, the Court finds the Petition must be converted to one brought pursuant to § 2254. If Petitioner wishes to withdraw the Petition without prejudice, he must inform the Court in writing by no later than August 3, 2020. If he fails

- 4 -

to so inform the Court, the Petition will be converted to a § 2254 petition without further order or action by the Court, and the Court will enter a scheduling order.

      SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:      July 17, 2020
               Rochester, New York